UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DAWUD AMEEN HUSAIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-1115-JCH |
| | ) | |
| JOHN LAUMIER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Dawud Ameen Husain for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion only to the extent plaintiff seeks leave to commence this action without prepayment of the filing fee. To the extent the motion seeks any other form of relief, it will be denied. In addition, the Court will assess an initial partial filing fee of $17.60, and will dismiss this case, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim upon which relief may be granted and/or because it is frivolous.

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make

monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted an inmate account activity statement showing an average deposit of $88.00, and an average balance of $78.00. (Docket No. 3, attch. 1). The Court will therefore assess an initial partial filing fee of $17.60, which is twenty percent of plaintiff's average deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,570 (2007).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 678. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 679. This is a

2

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.* at 681. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 680-82.

*Pro se* complaints are to be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), but they still must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). The Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004).

**The Complaint**

Plaintiff is an inmate at the St. Louis County Justice Center,[1] and is a frequent *pro se* and *in forma pauperis* litigator in this Court. He initiated the instant civil action on July 10, 2018 by filing a pleading titled "Writ of Trespass VI et Armis." He named police officer John Laumier

---

[1] Review of the Missouri state court docketing system on Missouri Case.Net reveals that on May 1, 2018, plaintiff was found guilty by a jury of unlawful possession of a firearm. *See State v. Dawud Ameen Husain*, No. 17SL-CR03102-01 (21st Jud. Cir. 2018). On July 24, 2018, he was sentenced to seven years' imprisonment.

and two unidentified Bellefontaine Neighbors police officers as defendants.[2] He claims he intends to proceed pursuant to the Fourth Amendment to the United States Constitution, and unspecified laws of the United States.

Plaintiff alleges he was "pretextually stopped by Respondent without a warrant for probable cause." (Docket No. 1 at 1). He states he offered a "No Trespassing Notice with a front and back side" that "gave notice to [defendants] that they would be violating the laws stated therein the notices." *Id.* at 2. Plaintiff states that the defendants read the notice, but they arrested him and seized his property anyway. Plaintiff states that the defendants caused irreparable harm, and he states he has been falsely arrested and falsely imprisoned since August 11, 2017. He states he brings this claim for "damages and just and lawful remedy." *Id.* at 3.

**Discussion**

To the extent plaintiff can be understood to bring claims pursuant to 42 U.S.C. § 1983 to remedy the deprivation of his Fourth Amendment rights, this action is subject to dismissal. Plaintiff claims he "was pretextually stopped." (Docket No. 1 at 1). Pretextual traffic stops are a violation of the Fourth Amendment. *See United States v. Eldridge*, 984 F.2d 943, 947-48 (8th Cir. 1993) (citation omitted). However, plaintiff offers no facts in support of his conclusion that the stop was pretextual. Instead, he alleges only that "Respondant" did not have a warrant. However, the mere lack of a warrant does not automatically yield the conclusion that a stop is pretextual. Even *pro se* plaintiffs are required to allege facts in support of their claims, and this Court will not "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint." *Stone*, 364 F.3d at 914-15. Plaintiff's statement that the stop was pretextual is nothing more than a legal conclusion that is not entitled to the

---

[2] In his pleading, plaintiff refers to himself as "Relator," and to the defendants as "Respondents." For purposes of clarity, the Court will use the terms "plaintiff" and "defendant."

presumption of truth, *see Iqbal*, 556 U.S. at 678, and the Court concludes that plaintiff's allegations fail to state a claim upon which relief may be granted.

Plaintiff can be understood to claim that the defendants violated his federally-protected rights because they failed to heed his "No Trespassing Notice." This claim is frivolous, and will be dismissed. Claims of this nature are often asserted by people who claim to be exempt from various laws and from the jurisdiction of the courts, and who seek to avoid the consequences of their criminal convictions. Such claims completely lack merit, and have been summarily rejected as frivolous by the Eighth Circuit Court of Appeals and other federal courts. *See United States v. Hart*, 701 F.2d 749, 750 (8th Cir. 1983) (rejecting jurisdictional challenge based on defendant's argument he was a sovereign citizen); *United States v. Sterling,* 738 F.3d 228, 233 n. 1 (11th Cir. 2013); *United States v. Benabe*, 654 F.3d 753, 761-67 (7th Cir. 2011) (describing the conduct of another "sovereign citizen" and collecting cases rejecting the group's claims as frivolous).

Therefore, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed *in forma pauperis* (Docket No. 2) is **GRANTED** to the extent plaintiff seeks leave to bring this civil action without prepayment of the filing fee, and **DENIED** in all other respects.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $17.60 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B), because it fails to state a claim upon which relief may be granted and/or because it is frivolous. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 14th day of September, 2018.

_Jean C. Hamilton_
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE
